# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| BRIDGET POWERS AND <br> JOSHUAH POWERS, <br><br> Plaintiffs, <br><br> v. <br><br> REGINALD ANTONIO WILLIAMS, M.D., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. _____ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

## COMPLAINT

COME NOW, BRIDGET POWERS AND JOSHUAH POWERS, Plaintiffs in the above-styled action, and file their claim for damages against REGINALD ANTONIO WILLIAMS, M.D., Defendant in the above-styled action, and show this Honorable Court the following as their Complaint:

### I.

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs Bridget Powers and Joshuah Powers are citizens of Georgia.

2.

At all times relevant herein, Bridget Powers and Joshuah Powers have been legally married as husband and wife.

3.

Defendant Reginald Antonio Williams, M.D. is a citizen of Louisiana, and may be served

1

with process at 10531 Williamsburg Lane, Bastrop, Louisiana 71220.

4.

This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5.

This Court has jurisdiction over the Defendant because he was a citizen of Georgia at all times relevant herein, he committed a tortious act in Georgia resulting in an injury in Georgia, and the exercise of jurisdiction over the Defendant will not offend traditional notions of fair play and substantial justice.

6.

Venue is proper, pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## II.

## FACTS SUPPORTING CAUSE OF ACTION

7.

On January 29, 2013, Plaintiff Bridget Powers underwent a laparoscopic cholecystectomy performed by Defendant Reginald Antonio Williams, M.D. at Wayne Memorial Hospital in Jesup, Georgia.

8.

During the performance of the laparoscopic cholecystectomy, Defendant Reginald Antonio Williams, M.D. injured Bridget Powers' bile duct.

9.

As a result, Plaintiff Bridget Powers had to be transferred to Memorial Health University Medical Center in Savannah, Georgia where she underwent a number of medical procedures including surgery to repair the injury, and, thereafter, underwent additional medical care and treatment to address further complications from the injury as well as monitoring.

10.

As a result, Plaintiff Bridget Powers has suffered, and continues to suffer, physical and mental pain and suffering.

11.

As a result, Plaintiff Bridget Powers incurred lost wages, and she incurred, and continues to incur, medical expenses.

12.

As a result, Plaintiff Joshuah Powers suffered the loss of consortium and services of his wife Plaintiff Bridget Powers.

### III.

### CAUSE OF ACTION

13.

On January 29, 2013, Defendant Reginald Antonio Williams, M.D. had a duty to adhere to the standard of care generally employed by surgeons performing laparoscopic cholecystectomies in the United States of America in 2013 under similar conditions and like circumstances by not injuring Plaintiff Bridget Powers' bile duct when he performed a laparoscopic cholecystectomy on her at Wayne Memorial Hospital in Jesup, Georgia.

14.

Defendant Reginald Antonio Williams, M.D. breached that duty and violated the standard of care on January 29, 2013 when he injured Plaintiff Bridget Powers' bile duct during the performance of the laparoscopic cholecystectomy at Wayne Memorial Hospital in Jesup, Georgia. (See Affidavit of Andrew I. Glantz, M.D., F.A.C.S. attached hereto as Exhibit "A" setting forth one negligent act or omission against Defendant Reginald Antonio Williams, M.D. pursuant to O.C.G.A. § 9-11-9.1 to the extent such is required.)

15.

As a result of this breach and violation of the standard of care by Defendant Reginald Antonio Williams, M.D., Plaintiff Bridget Powers suffered an injury to her bile duct which required medical care and treatment including surgery to repair the injury as well as medical care and treatment to address further complications and monitoring.

16.

As a result of this breach and violation of the standard of care by Defendant Reginald Antonio Williams, M.D., Plaintiff Bridget Powers has suffered, and continues to suffer, physical and mental pain and suffering.

17.

As a result of this breach and violation of the standard of care by Defendant Reginald Antonio Williams, M.D., Plaintiff Bridget Powers incurred lost wages, and she incurred, and continues to incur, medical expenses.

18.

As a result of this breach and violation of the standard of care by Defendant Reginald

Antonio Williams, M.D., Plaintiff Joshuah Powers suffered the loss of consortium and services of his wife Plaintiff Bridget Powers.

## IV.

## **DAMAGES**

19.

As a result of the negligent acts and omissions of Defendant Reginald Antonio Williams, M.D., Plaintiff Bridget Powers is entitled to general damages for her past, present, and future physical and mental pain and suffering in an amount to be determined by a jury.

20.

As a result of the negligent acts and omissions of Defendant Reginald Antonio Williams, M.D., Plaintiff Bridget Powers is entitled to special damages for her past, present, and future medical expenses in an amount to be proven.

21.

As a result of the negligent acts and omissions of Defendant Reginald Antonio Williams, M.D., Plaintiff Bridget Powers is entitled to special damages for her lost wages in an amount to be proven.

22.

As a result of the negligent acts and omissions of Defendant Reginald Antonio Williams, M.D., Plaintiff Joshuah Powers is entitled to general damages for the loss of consortium and services of his wife, Plaintiff Bridget Powers, in an amount to be determined by a jury.

WHEREFORE, Plaintiffs pray that:

A) That Summons and Process be issued on this Complaint and served on the Defendant

along with a copy of the Complaint;

B) That the issues herein be tried by a Jury;

C) That Plaintiff Bridget Powers have Judgment against Defendant for General Damages and Special Damages as set forth in this Complaint;

D) That Plaintiff Joshuah Powers have Judgment against Defendant for General Damages as set forth in this Complaint;

E) That Plaintiffs Bridget Powers and Joshuah Powers have Judgment against Defendant in excess of $75,000.00, exclusive of interest and costs;

F) That all Cost of Court be taxed against Defendant; and

G) Such other and further relief the Court deems just and equitable.

This 12th day of January, 2015.

                                              BERGEN & BERGEN, PC

By: /s/ Zachary H. Thomas
Frederick S. Bergen
Georgia Bar No. 054160
Zachary H. Thomas
Georgia Bar No. 001364
Attorneys for Plaintiffs

123 East Charlton Street
Savannah, Georgia 31401
(912) 233-6600
zhthomas@aol.com